UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-cr-00169-JAW |
| | ) | |
| GERALD T. RICH, JR. | ) | |

**ORDER DISMISSING PRO SE MOTION FOR
COURT RECOMMENDATION**

On November 12, 2012, Gerald T. Rich, Jr. pleaded guilty to engaging in a conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana and to making false statements to a federal law enforcement officer. *Minute Entry* (ECF No. 8). On July 29, 2013, the Court sentenced Mr. Rich to concurrent sentences of seventy-two months incarceration on the marijuana charge and sixty months on the false statement charge. *J.* (ECF No. 28). On February 6, 2015, the Court issued an Order reducing Mr. Rich's sentence from seventy-two to fifty-eight months in accordance with 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that, after the sentencing, was lowered and made retroactive by the United States Sentencing Commission. *Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 60).

On February 24, 2015, the Court received a letter from Mr. Rich, thanking the Court for the reduction and asking it to recommend him for ten months in a halfway house. *Letter from Gerald Rich to Judge John Woodcock, Jr.* (ECF No. 62). The Court is treating Mr. Rich's request as a pro se motion and the Court dismisses his motion.

Congress placed the authority to determine where a prisoner serves his sentence with the Bureau of Prisons (BOP), not the courts. 18 U.S.C. §§ 3621(b), 3624(c). As the First Circuit has written, "[t]he authority to assign and transfer prisoners to places of confinement is conferred on the BOP." *Muniz v. Sabol*, 517 F.3d 29, 32 (1st Cir. 2008). In *Muniz*, the First Circuit suggested that in making such a transfer, the BOP is required to consider the five factors set forth in 18 U.S.C. § 3621(b). *Id.* One of those factors is the sentencing court's recommendation. 18 U.S.C. § 3621(b)(4). However, assuming that this Court has the authority to make a community confinement recommendation well into Mr. Rich's sentence, it would not do so.

The reason is that the Court has not seen Mr. Rich since July 29, 2013, when it imposed the original sentence. The Court does not doubt Mr. Rich's representations that he has done well in prison, that he has had no write-ups or disciplinary actions, that he has completed a number of educational classes and the drug treatment program, that he wishes to return to the construction field, and that he is determined upon release to live drug-free and to stay out of prison. All of this is very encouraging. Nevertheless, the BOP, not this Court, is much better able to assess Mr. Rich's time in prison, the availability of community confinement, and whether he fits within the BOP's assessment process to "provide the greatest likelihood of successful reintegration into the community." *See* 29 C.F.R. § 570.22.

In making this ruling, the Court stresses that it is not opposed to Mr. Rich's request. His request to be released into community confinement is a hopeful sign and

2

the Court again wishes him the best. However, the Court determines that the BOP, which has maintained custody of Mr. Rich for well over two years, is in a better position to evaluate and act on his request.

The Court DISMISSES without prejudice Gerald T. Rich's Motion for Court Recommendation (ECF No. 62).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2015